UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

—————

LARRY MICHAEL MOORE,                    )
                                        )
                    Plaintiff,          )        Case No. 5:06-cv-205
                                        )
v.                                      )        Honorable Robert Holmes Bell
                                        )
MARY K. BERGHUIS et al.,                )
                                        )
                    Defendants.         )
_____)

## OPINION

   This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983.

Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is

required to dismiss any prisoner action brought under federal law if the complaint is frivolous,

malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a

defendant immune from such relief.  28 U.S.C. § 1915A.  The Court must read Plaintiff's *pro se*

complaint indulgently, *see Haines v. Keener*, 404 U.S. 519, 520 (1972), and accept Plaintiff's

allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504

U.S. 25, 33 (1992). Applying these standards to Plaintiff's complaint, the Court will dismiss with

prejudice certain claims for failure to state a claim, dismiss without prejudice other claims for failure

to exhaust available administrative remedies, and order service on Plaintiff's remaining three claims.

**Discussion**

I.      Factual Allegations

Plaintiff is incarcerated with the Michigan Department of Corrections and is currently housed at the Carson City Correctional Facility.  In 1994, Plaintiff was convicted by a Cheboygan County Circuit Court jury on one count each of third-degree criminal sexual conduct (CSC), MICH. COMP. LAWS § 750.520d, and attempted third-degree CSC, MICH. COMP. LAWS § 750.520d.  He is currently serving the two to fifteen-year sentence imposed by the trial court on the completed CSC count.  The acts of which Plaintiff complains occurred in 2004 and 2005 when he was housed at the Earnest C. Brooks Correctional Facility and the G. Robert Cotton Correctional Facility.  It is not clear from Plaintiff's complaint exactly when he was transferred from the Brooks facility to the Cotton facility.

In his lengthy *pro se* complaint, Plaintiff sues numerous officials at the Brooks and Cotton facilities.  He specifically names the following personnel at the Brooks facility: Warden Mary K. Berghuis, Deputy Warden Rick Smith, Assistant Deputy Warden of Housing Bobbi Smith, Grievance Coordinator J. Minnerick, Block Unit Manager/Residential Unit Manager M. Munday, Housing Unit Manager R. Brydon, Custody Officer (Unknown) Hamilton, Practitioner Assistant D. Spitters, nurse (Unknown) Robbskie, and Unknown Parties named as "John Does and Jane Does" who are "employed in some capacity" at Brooks.  Plaintiff names the following personnel at the Cotton facility: Dr. Audberto Antonini, and Healthcare Unit Manager Peggy Lee.

- 2 -

Plaintiff suffers from ankylosing spondylitis arthritis[1] and heart and lung problems including blood clots, and is in a wheelchair (Compl., pp. 4, 4C-D, 4H).  He alleges Defendants at the Brooks facility violated his constitutional rights by: (1) refusing to accommodate Plaintiff's medical need to be away from second-hand smoke via proper housing arrangements  (Compl., pp. 2A, 4, 4J); (2) placing Plaintiff on 90-day modified access status beginning November 10, 2004, in retaliation for Plaintiff's repeated requests to be housed in a smoke-free area (Compl., pp. 2A, 4); (3) forcing Plaintiff to share a cell with smoking cell-mates and one who had tuberculosis (Compl., pp. 4, 4A); (4) giving Plaintiff, on January 18, 2005, the unpalatable choice of staying with a smoking, assaultive cell-mate, or being placed in "the hole" (segregation) in retaliation for his requests for a smoke-free environment (Compl., pp. 4, 4C);[2] (5) confiscating numerous items of Plaintiff's personal and legal property when Plaintiff was transferred to segregation (Compl., pp. 4, 4D-F, 4J); and (6) withholding pain reliever, Plaintiff's air mattress, and his commode chair when Plaintiff was in segregation, when the absence of the commode chair precluded Plaintiff from being able to use the toilet.  (Compl., pp. 4, 4A, 4F, 4H).  Plaintiff alleges Defendants at the Cotton facility violated his constitutional rights by: (1) failing to conduct a proper medical examination on Plaintiff or to order smoke-free housing (Compl., pp. 4F, 4H-I); and (2) discontinuing Plaintiff's permission to have an air mattress upon his transfer to the Cotton facility, which caused bleeding bed sores (Compl., pp. 4H-I).

---

[1] Ankylosing spondylitis is a chronic form of arthritis that primarily affects the spine and may lead to stiffness of the back. The joints and ligaments that normally permit the back to move become inflamed.  The joints and bones may fuse together.  *See* http://www.arthritis.org/conditions/DiseaseCenter/ankylosing_spondylitis.asp.

[2] It appears that while Plaintiff agreed to be placed in protective custody, Defendants placed him in segregation instead.  (See Compl. Attach. 1, pp. 20, 24).

For relief, Plaintiff seeks a jury trial, $1 million in compensatory and punitive damages, fees and costs, and an order that Defendants return unspecified "meds," "special accommodations," and "hygienic supplies" to Plaintiff.  (Compl., p. 5).

II.     Failure to State a Claim

 A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint.  *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996).  Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed.  *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

A.     **Vicarious liability**

Plaintiff fails to make sufficient, specific factual allegations against Defendants Berghuis and Lee, other than his claim that each of them condoned the acts of the other Defendants when she should have intervened, and/or that each of them failed to conduct an investigation in response to Plaintiff's grievances and "kites" (notes).  (Compl., pp. 4A, 4J).  A claimed constitutional violation must be based upon active unconstitutional behavior. *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002).  The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act.  *Id.*; *Summer v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004).  Moreover, § 1983 liability may not be imposed simply because a supervisor denied an

administrative grievance or failed to act based upon information contained in a grievance.  *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).  Plaintiff has failed to demonstrate that Defendants Berghuis or Lee engaged in any active unconstitutional behavior.  Accordingly, he fails to state a claim against either of them.

B.     **Conspiracy**

Plaintiff's claims that Defendants engaged in a conspiracy against him require little discussion.  He fails to make any factual allegations sufficient to support a conspiracy claim under 42 U.S.C. § 1985(3).  *See Griffin v. Breckenridge*, 403 U.S. 88, 102-03 (1971); *Maki v. Laakko*, 88 F.3d 361, 367 (6th Cir. 1996).  It is well-established that vague and conclusory allegations of conspiracy, unsupported by material facts, are insufficient to state a claim. *See Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987); *see also Hartsfield v. Mayer*, No. 95-1411, 1996 WL 43541, at *3 (6th Cir. Feb. 1, 1996); *Wynn v. Wolf*, No. 93-2411, 1994 WL 105907, at *1 (6th Cir. Mar. 28, 1994).  Plaintiff therefore fails to state a claim for conspiracy, and this claim will be dismissed with prejudice.  To the extent Plaintiff alleges a state-law conspiracy claim, the Court declines to exercise jurisdiction thereover.  *See Landefeld v. Marion Gen. Hosp.*, *Inc.,* 994 F.2d 1178, 1182 (6th Cir. 1993); *Hawley v. Burke*, No. 97-1853, 1998 WL 384557, at *1-2 (6th Cir. June 18, 1998).

C.     **Retaliation by placing Plaintiff on modified access**

Plaintiff's allegation that Defendant Minnerick placed him on modified access to the prison grievance process in retaliation for his filing grievances regarding second-hand smoke fails to state a claim.  Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution.  *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir.1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that:  (1) he was

engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Thaddeus-X*, 175 F.3d at 394. Moreover, the plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

Placement on modified access does not constitute retaliation because it "does not deny a Michigan prisoner the right or ability to seek redress for meritorious grievances[,] [r]ather, it merely requires the prisoner to obtain permission from the grievance coordinator to file a grievance." *Kennedy v. Tallio,* 20 F. App'x 469, 471 (6th Cir. 2001) (citing *Hartsfield v. Mayer*, No. 95-1411, 1996 WL 43541, at *2 (6th Cir. Feb. 1, 1996) (unpublished order)).

Nor does placement on modified access constitute an adverse action "that would deter a person of ordinary firmness from continuing to engage in that conduct." *See Thaddeus-X,* 175 F.3d at 394. Placement on modified access does not deprive a plaintiff of the ability to file civil rights actions in federal court; it merely allows prison officials to screen a prisoner's grievances prior to filing to determine whether they are grievable, non-frivolous, and/or non-duplicative. *Kennedy*, 20 F. App'x at 471 (citing MICH. DEP'T OF CORR. Policy Directive 03.02.130(II)(PP)). Moreover, it is clear that Plaintiff was not deterred from engaging in the protected conduct because he continued to attempt and to file grievances. *See id.* Accordingly, Plaintiff's claim against Defendant Minnerick for retaliation based on his placing Plaintiff on modified access status fails to state a claim and will be dismissed with prejudice.

D.     **Confiscation of property**

Plaintiff's allegation that Defendant Hamilton unconstitutionally confiscated numerous papers and other items from his cell when he was transferred to segregation is barred by the doctrine of *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327 (1986).  Under *Parratt*, a person deprived of property by a "random and unauthorized act" of a state employee has no federal due process claim unless the state fails to afford an adequate post-deprivation remedy.  If an adequate post-deprivation remedy exists, the deprivation, although real, is not "without due process of law."  *Parratt*, 451 U.S. at 537.  This rule applies to both negligent and intentional deprivation of property, as long as the deprivation was not done pursuant to an established state procedure.  *See Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984).   Because Plaintiff's claim is premised upon allegedly unauthorized negligent acts of Hamilton, a state official, he must plead and prove the inadequacy of state post-deprivation remedies.  *See Copeland v. Machulis*, 57 F.3d 476, 479-480 (6th Cir. 1995); *Gibbs v. Hopkins*, 10 F.3d 373, 378 (6th Cir. 1993).  Under settled Sixth Circuit authority, a prisoner's failure to sustain this burden requires dismissal of his § 1983 due-process action.  *See Brooks v. Dutton*, 751 F.2d 197 (6th Cir. 1985).

Plaintiff has not sustained his burden in this case.  He has not alleged that state post-deprivation remedies are inadequate.  Moreover, numerous state post-deprivation remedies are available to him.  First, a prisoner who incurs a loss through no fault of his own may petition the institution's Prisoner Benefit Fund for compensation.  MICH. DEP'T OF CORR., Policy Directive 04.07.112, ¶ B (effective Nov. 15, 2004).  Aggrieved prisoners may also submit claims for property loss of less than $1,000 to the State Administrative Board.  MICH. COMP. LAWS § 600.6419; Policy Directive, 04.07.112, ¶ B.  Alternatively, Michigan law authorizes actions in the Court of Claims

asserting tort or contract claims "against the state and any of its departments, commissions, boards, institutions, arms, or agencies." MICH. COMP. LAWS § 600.6419(1)(a). The Sixth Circuit has specifically held that Michigan provides adequate post-deprivation remedies for deprivation of property. *See Copeland*, 57 F.3d at 480. Plaintiff does not allege any reason why a state-court action would not afford him complete relief for the deprivation, either negligent or intentional, of his personal property. Accordingly, Plaintiff's claim for an unconstitutional deprivation of his property will be dismissed with prejudice.

III.    Failure to Exhaust Administrative Remedies

Although Plaintiff has been a prolific grievant (and litigant) since his incarceration began in 1994, he has not exhausted his administrative remedies with regard to each claim in his complaint. Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). A prisoner must exhaust administrative remedies even if he may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741; *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000); *Freeman v. Francis*, 196 F.3d 641, 643 (6th Cir. 1999). A district court must enforce the exhaustion requirement sua sponte. *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998); *accord Wyatt v. Leonard*, 193 F.3d 876, 879 (6th Cir. 1999).

A prisoner must allege and show that he has exhausted all available administrative remedies and should attach to his § 1983 complaint the administrative decision disposing of his complaint, if the decision is available. *Brown*, 139 F.3d at 1104. In the absence of written documentation, the prisoner must describe with specificity the administrative proceeding and its

outcome. *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000). A prisoner must make particularized averments as necessary for the district court to determine what, if any, claims have been exhausted or what has been done in an attempt to exhaust the claims. *Id.*[3] Additionally, a prisoner must specifically mention the involved parties in the grievance to make prison officials aware of the problems so that the prison has a chance to address the claims before they reach federal court. *Bell v. Konteh*, 450 F.3d 651, 653 (6th Cir. 2006)*; Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001); *accord Harbin-Bey v. Rutter*, 420 F.3d 571, 581 (6th Cir. 2005); *Burton v. Jones*, 321 F.3d 569, 574-75 (6th Cir. 2003); *Vandiver v. Martin*, No. 02-1338, 2002 WL 31166925, at *2 (6th Cir. Sept. 27, 2002) ("The issues [plaintiff] may raise, and the defendants he may name, in his lawsuit are limited to the specific issues raised, and the specific individuals mentioned, in his grievance.").

All of Plaintiff's claims are the type that may be grieved through the three-step prison grievance process. *See* MICH. DEP'T OF CORR., Policy Directive 03.02.130, ¶ E (may grieve "alleged violations of policy and procedure or unsatisfactory conditions of confinement which directly affect the grievant") (effective 4/28/03). Notwithstanding this fact, he has failed to exhaust his available administrative remedies on a number of the claims in his complaint.

A.      **Claims against Defendant Antonini**

Plaintiff's claims that Defendant Dr. Antonini failed to conduct a thorough medical examination of Plaintiff, took away unspecified "special accommodations," and failed to order smoke-free housing upon Plaintiff's transfer to the Cotton facility are unexhausted. Plaintiff fails to allege or show that he exhausted these claims. None of the grievance forms or kites attached to

---

[3]To assist prisoners in meeting this requirement, this Court advises prisoners to attach copies of documents evidencing exhaustion in its form complaint. The form complaint, which is required by local rule, is disseminated to all the prisons. *See* W.D. MICH. L.R. 25(a). Plaintiff's complaint was filed on the form; he has also admitted that he did not grieve all of his claims.

the complaint include these claims.  As a result, all of Plaintiff's claims against Defendant Antonini will be dismissed without prejudice.

                    B.      **Claims against Defendants Spitters and Robbskie**

Plaintiff did not grieve his claims that Defendants Spitters and Robbskie withheld certain special accommodations from him, including his commode chair, air mattress, and pain reliever, while he was segregated at the Brooks facility and after he was transferred to the Cotton facility.  None of the grievance forms or kites attached to the complaint include these claims.  As a result, all of Plaintiff's claims against Spitters and Robbskie will be dismissed without prejudice.

It is not clear whether Plaintiff may still grieve his unexhausted claims.  Under prison policy, complaints must be resolved expeditiously, and complaints may be rejected as untimely.  *See* Policy Directive 03.02.130, ¶ G(4) (effective 4/28/03).  The Sixth Circuit held that an inmate cannot claim that "it is futile for him to [file a grievance] because his grievance is now time-barred under the regulations."  *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999) (citing *Wright v. Morris*, 111 F.3d 414, 417 n.3 (6th Cir. 1997).

Because the exhaustion requirement is no longer discretionary, but is mandatory, the court does not have the discretion to provide a continuance in the absence of exhaustion.  *See Wright*, 111 F.3d at 417.  Rather, dismissal of this action without prejudice is appropriate when a prisoner has failed to show that he exhausted available administrative remedies.  *See Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999); *Brown*, 139 F.3d at 1104; *White v. McGinnis*, 131 F.3d 593, 595 (6th Cir. 1997). Dismissal for failing to exhaust available administrative remedies does not relieve a plaintiff from payment of the civil action filing fee.  *Smeltzer v. Hook*, 235 F. Supp. 2d

736, 746 (W.D. Mich. 2002) (citing *Omar v. Lesza*, No. 97 C 5817, 1997 WL 534361, at *1 (N.D. Ill. Aug. 26, 1997)).

Because Plaintiff's complaint is a "mixed complaint," alleging both exhausted and unexhausted claims, the Court must now determine whether to dismiss the entire action pursuant to the "total exhaustion" rule or to dismiss only the unexhausted claims pursuant to the "partial exhaustion" rule.  The Sixth Circuit recently held in *Spencer v. Bouchard*, 449 F.3d 721, 726 (6th Cir. 2006), that the court is no longer following the total exhaustion rule of *Jones Bey v. Johnson*, 407 F.3d 801, 805 (6th Cir. 2005); and that the partial-exhaustion rule is necessarily the law of the Sixth Circuit.  *Spencer*, 449 F.3d at 726.  Pursuant to *Spencer*, the Court will serve the following exhausted claims: (1) Eighth Amendment violation, for failure to accommodate Plaintiff's medical need to be free from second-hand smoke, against Defendants Rick Smith, Bobbi Smith, Munday, Brydon, and Hamilton;[4] (2) retaliation against Plaintiff for requesting smoke-free accommodations by placing him in segregation, against Defendants Rick Smith, Bobbi Smith, Munday, Brydon, and Hamilton;[5] and (3) hindrance of Plaintiff's access to the courts, for confiscating papers related to Plaintiff's contemplated parole denial appeal and Eighth Amendment second-hand smoke complaint, against Defendant Hamilton.[6]

---

[4] Plaintiff exhausted this claim, while he was still on modified access at the Brooks facility and after he had been transferred to the Cotton facility, by sending at least two grievance kites to the Brooks Grievance Coordinator in February and April 2005.  (Compl., Attach. 1, pp. 20-23, 25.)  This claim is exhausted notwithstanding the fact that the Brooks facility never provided Plaintiff with a Step I grievance form as requested.  *See Kennedy v. Tallio,* 20 F. App'x at 471 ("If a prisoner has been placed on modified access to the grievance procedure and attempts to file a grievance which is deemed to be non-meritorious, he has exhausted his 'available' administrative remedies as required by § 1997e(a)").

[5] Plaintiff exhausted this claim via the two grievance kites referenced in Note 4 above.

[6] Plaintiff exhausted this claim via Grievance No. LRF 0503 0031 1219D.  (Compl. Attach. 1, pp. 26-31; Compl. Attach. 2, pp. 2-7).

IV.    John and Jane Doe Defendants

Plaintiff includes in his list of Defendants "John(s) and Jane(s) Doe(s) employed in some capacity [at] E.C. Brooks Correctional Facility." (Compl., p. 3C). Plaintiff does not, however, elaborate anywhere in his complaint the alleged unconstitutional acts of these Defendants. In general, the use of "John Doe" or "Jane Doe" to identify a defendant is not favored in the federal courts. *See Colle v. Brazos County, Tex.*, 981 F.2d 237, 243 (5th Cir. 1993); *Strauss v. Chicago*, 760 F.2d 765, 770 n.6 (7th Cir. 1985). The mere naming of a person by use of a fictitious name does not make that person a party to a lawsuit and does not prevent the entry of a final judgment. *Nagle v. Lee*, 807 F.2d 435, 439 (5th Cir. 1987).

An appropriate disposition of the claims against the unnamed defendants is an order dismissing them without prejudice, so that Plaintiff's ability to bring an action is preserved, should he later learn their identities. *Cf.*, *Brown v. Our Lady of Lourdes Med. Ctr.*, 767 F. Supp. 618, 621 (D.N.J. 1991), *aff'd*, 961 F.2d 207 (3d Cir. 1992). Plaintiff's claim or claims against the Doe defendants will therefore be dismissed without prejudice.

## Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines upon initial review that the Plaintiff's Eighth Amendment, retaliation, and access to the courts claims against Defendants Rick Smith, Bobbi Smith, Munday, Brydon, and Hamilton, are exhausted and the Court will order service thereof.

The Court determines that all of Plaintiff's claims against Defendants Antonini, Spitters, and Robbskie are unexhausted, and will order that those claims be dismissed without

prejudice.  Plaintiff's claim(s) against the Doe Defendants, if any, will also be dismissed without prejudice.

   The Court further determines that Plaintiff's claims against Defendants Berghuis and Lee, his claim against all Defendants for conspiracy, and his retaliation claim against Minnerick fail to state a claim; the Court will order those claims to be dismissed with prejudice.  To the extent Plaintiff alleges a state-law conspiracy claim, the Court declines to exercise jurisdiction over it and will dismiss that claim without prejudice.

   An Order consistent with this Opinion will be entered.


Dated: _____January 9, 2007_____     /s/ Robert Holmes Bell_____
                  ROBERT HOLMES BELL
                  CHIEF UNITED STATES DISTRICT JUDGE