UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| | |
|---|---|
| LARRY MICHAEL MOORE, #240744, ) | |
| ) | |
| Plaintiff, ) | Case No. 5:06-cv-205 |
| ) | |
| v. ) | Honorable Paul L. Maloney |
| ) | |
| RICK SMITH, et al., ) | **MEMORANDUM OPINION** |
| ) | |
| Defendants. ) | |

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff is incarcerated in the Saginaw Correctional Facility (SRF) located in Freeland, Michigan. (docket # 38). He was an inmate at the Carson City Correctional Facility (DRF) when he filed his complaint. (docket # 1, ¶ II). Plaintiff's complaint relates to his alleged exposure to second-hand cigarette smoke in 2004 and early 2005 while he was an inmate at the Earnest C. Brooks Correctional Facility (LRF) located in Muskegon Heights, Michigan. On January 8, 2007, the court entered an order permitting plaintiff to proceed *in forma pauperis*. (docket # 4). The court has since learned that for over one year, plaintiff has been barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g) because plaintiff has filed three or more lawsuits dismissed as frivolous, malicious, or for failure to state a claim. Accordingly, the court will vacate its order granting plaintiff leave to proceed *in forma pauperis*. Plaintiff will be ordered to pay the $350.00 civil action filing fee within thirty days of this memorandum opinion and accompanying order, and if plaintiff fails to do so, the court will order that his action be dismissed without prejudice. Even if the case is dismissed, plaintiff will be responsible for payment of the $350.00 filing fee in accordance with

*In re Alea*, 286 F.3d 378, 380-81 (6th Cir. 2002). All other proceedings in this case will be held in abeyance.

### Discussion

The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*. As the United States Court of Appeals for the Sixth Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners-many of which are meritless-and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir.1997). For that reason, Congress put into place economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id.* For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal. "The three-strikes rule, in an effort to lessen the crush of frivolous prisoner filings in the federal courts, precludes prisoners -- unless they face imminent danger of serious physical injury -- from proceeding IFP if they have had three prior cases dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted." *Pointer v. Wilkinson*, 502 F.3d 369, 370 (6th Cir. 2007).[1]

Plaintiff has been an active litigant in the federal courts. Months before plaintiff filed this lawsuit, the United States District Court for the Eastern District of Michigan had held that plaintiff could not proceed *in forma pauperis* because he had filed three or more prisoner civil rights complaints that had been dismissed as frivolous or for failure to state a claim:

> Of the eleven previously filed civil rights complaints that Plaintiff has filed, more than three prisoner prior civil rights complaints have been dismissed as frivolous or for failure to state a claim upon which relief may be granted. *See Moore v. DeBruyn, et. al.*, No. 01-CV-60108 (E.D. Mich. May 25, 2001) (Battani, J.); *Moore v. Curtis, et. al.*, No. 00-CV-71558 (E.D. Mich. April 10, 2000) (Tarnow, J.); *Moore v. Chavez, et. al.*, No. 00-CV-71116 (E .D. Mich. March 27, 2000) (Tarnow, J);[2] *Moore v. Sergent, et. al.*, (E.D. Mich. December 28, 1999) (Tarnow, J.); *Moore v. Michigan Department of Corrections, et. al.*, (E.D. Mich. November 10, 1999) (Tarnow, J.). Therefore, the Court is authorized to dismiss this pending complaint pursuant to 28 U.S.C. § 1915(g).

---

[1] The Sixth Circuit has upheld the constitutionality of the "three-strikes" rule against arguments that it violates equal protection, the right of access to the courts, due process, and that it constitutes a bill of attainder and is *ex post facto* legislation. *Pointer v. Wilkinson*, 502 F.3d at 377-78; *Wilson v. Yaklich*, 148 F.3d 596, 604-06 (6th Cir.1998); *accord Lewis v. Sullivan*, 279 F.3d 526, 528 (7th Cir. 2002); *Higgins v. Carpenter*, 258 F.3d 797, 798 (8th Cir. 2001); *Rodriguez v. Cook*, 169 F.3d 1176, 1178-82 (9th Cir.1999); *Carson v. Johnson*, 112 F.3d 818, 821-22 (5th Cir.1997).

[2] Plaintiff may have additional "strikes" stemming from his unsuccessful appeals in the United States Court of Appeals for the Sixth Circuit. *See e.g. Moore v. Chavez*, 36 F. App'x 169, 170-71 (6th Cir. 2002); *accord Scott v. Evans*, 116 F. App'x 699, 702 (6th Cir. 2004) ("A prisoner attains a 'strike' if, 'while incarcerated or detained in any facility, [he has] brought an action or appeal in a court of the United States that was dismissed on grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted.'").

*Moore v. Palus*, No. 2:06-cv-13729, 2006 WL 2620341, at *1 (E.D. Mich. Sept. 12, 2006). There is no basis in this case for a contrary result. Plaintiff's allegations do not fall within the narrow statutory exception to the three-strikes rule. Plaintiff has not alleged facts establishing that he is under imminent danger of serious physical injury.

## Conclusion

Section 1915(g) prohibits plaintiff from proceeding *in forma pauperis* in this action. The court's January 8, 2007 order granting plaintiff to proceed *in forma pauperis* will be vacated. Plaintiff will have thirty days from the date of entry of the accompanying order to pay the entire civil action filing fee, which is $350.00. If plaintiff fails to pay the filing fee within the thirty-day period, his case will be dismissed without prejudice,[3] but he will continue to be responsible for payment of the $350.00 filing fee. If plaintiff pays the filing fee, the court's stay will be lifted and the court will address the merits of defendants' pending motion for summary judgment.

Dated:   January 3, 2008              /s/ Paul L. Maloney
                                      Paul L. Maloney
                                      United States District Judge

---

[3] On January 9, 2007, the court issued a thirteen-page opinion (docket # 5) and an accompanying order (docket # 6) which, among other things, dismissed for failure to state a claim, pursuant to 28 U.S.C. § 1915(A)(b)(1), "all Plaintiff's claims against Defendants Mary K. Berghuis and Peggy Lee, Plaintiff's conspiracy claim against all defendants, and his retaliation claim against defendant Minnerick." (docket # 6, ¶ 2). This constitutes a "strike" against plaintiff under 28 U.S.C. § 1915(g). *See Pointer v. Wilkinson*, 502 F.3d at 372-78. The "strike" will not be altered if plaintiff's remaining claims are dismissed without prejudice for failure to pay the filing fee as required by the court's order.